UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MACOMB INTERCEPTOR DRAIN DRAINAGE
DISTRICT,

      Plaintiff,

v.                                            Case No. 11-13101

KWAME KILPATRICK, et al.,

      Defendants.
                                            /

**OPINION AND ORDER GRANTING IN PART PLAINTIFF'S "MOTION FOR ALTERNATE SERVICE AND EXTENSION OF SUMMONSES"**

Pending before the court is Plaintiff's motion for the extension of summonses and alternate service. Plaintiff filed this action on July 17, 2011, and summonses were issued for the 40 Defendants on July 19, 2011. To date, Plaintiff has been unable to serve 10 Defendants, and now seeks an extension of the summonses as to the unserved Defendants and authorization to alternatively serve five of these Defendants. Plaintiff's summonses will expire on November 17, 2011. For the reasons set forth below, the court will grant in part and deny in part Plaintiff's motion.

Federal Rule Civil Procedure 4 requires service within 120 days after a complaint is filed. Under Rule 4(m),

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to the defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  It is the plaintiff's burden to establish good cause.  *See Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir 1996).  Further, service of a complaint filed in a federal court is proper by any method permitted for serving a complaint by the state in which the federal court is located.  Fed. R. Civ. P. 4(e)(1).  Under Michigan law, "the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard."  Mich. Ct. R. 2.105(I)(1).  Such alternative service may only be ordered upon "a showing that service of process cannot reasonably be made as provided" otherwise.  Mich. Ct. R. 2.105(I)(1).  Tacking a copy of the summons and complaint to the door of the address of a defendant may be considered a "manner reasonably calculated to give the defendant actual notice," especially when accompanied by a mailing.  *See Dehaan v. Tsarnas*, No. 289967, 2010 WL 2384921, at *4 (Mich. Ct. App. June 15, 2010) (per curiam); *Bennett v. Davidson*, No. 250694, 2005 WL 1123603, at *1 (Mich. Ct. App. May 12, 2005) (per curiam).

Plaintiff commenced its service efforts by mailing all Defendants waivers of service in July 2011.  Waivers for five Defendants[1] were returned to Plaintiff, indicating that the postal service was "unable to forward" the waivers to current addresses.  (Pl.'s Mot. at 2.)  In October 2011, Plaintiff retained the services of a process server to identify the current addresses of these five Defendants, and Plaintiff states that it has initiated efforts to serve the Defendants at out-of-state addresses discovered by the process

---

[1] The five Defendants whose waivers were returned to Plaintiff as "unable to forward" were: (1) Derrick Miller; (2) Great Lakes Diving & Salvage, Inc.; (3) Wendy Gouin; (4) Thomas Gouin; and (5) Bharat Patel.

server in late October. (*Id.* at 2.) Efforts to serve five other Defendants have also been unsuccessful.[2] The waivers for these Defendants were not returned to Plaintiff as undeliverable, but each Defendant failed to file a waiver of service with the court. (*Id.* at 3-5.) Plaintiff's process server made several unsuccessful attempts at serving each of these Defendants over the course of three weeks in October 2011. Plaintiff now seeks an extension of the summonses as to the 10 unserved Defendants, and authorization to alternatively serve the five Defendants whose waivers were not returned to the Plaintiff as undeliverable, but who have nevertheless not been served by Plaintiff's process server.

Plaintiff has not made the requisite showing that service of process cannot reasonably be made as provided in the rules as to Defendants Ferguson, Ferguson's Enterprises, Dubay, and Dubay's Landscaping. Plaintiff details three unsuccessful visits by its process server to the residential addresses of Defendants Ferguson and Dubay in an effort to serve Ferguson, Dubay, and their eponymous companies, Ferguson's Enterprises and Dubay's Landscaping. (*Id.* at 4.) The process server's affidavits, however, are devoid of facts establishing that service of process cannot reasonably be made as provided in the rules, and merely state that each time service was attempted, there was "[n]o answer" at the addresses. (Pl.'s Mot. Exs. A, C.) Further, Plaintiff has not explained why it has not attempted to serve Defendants at the registered addresses of the companies, Ferguson's Enterprises and Dubay's Landscaping. Thus, the court

---

[2] These five Defendants are: (1) Bobby W. Ferguson; (2) Ferguson's Enterprises, Inc. ("Ferguson's Enterprises"); (3) Dubay's Landscaping Services, Inc. ("Dubay's Landscaping"); (4) Lawrence R. Dubay; and (5) Superior Engineering Associates, Inc.

will deny Plaintiff's motion to the extent that it seeks authorization to alternatively serve Defendants Ferguson, Ferguson's Enterprises, Dubay, and Dubay Landscaping.

Plaintiff, however, has proffered detailed evidence showing that service of process cannot reasonably be made as provided in the rules as to Defendant Superior Engineering. In July 2011, Plaintiff mailed Defendants Patel's and Superior Engineering's waivers of service to the registered address of Superior Engineering. (Pl.'s Mot. at 5.) Thereafter, Defendant Patel's waiver was returned to Plaintiff's counsel with a note indicating that the envelope was "opened by mistake" and Patel no longer worked at Superior Engineering. (Pl.'s Mot. Ex. E.) The envelope was signed by Satish Mistry, allegedly an employee of Superior Engineering. (*Id.*) Following receipt of Patel's waiver, Plaintiff's counsel contacted Superior Engineering to confirm that Superior Engineering in fact received its waiver and requesting Patel's last known contact information. (Pl.'s Mot. at 5.) Despite confirming that it received a waiver of process, Defendant Superior Engineering did not file a waiver with the court. (*Id.*) In October 2011, Plaintiff's process server unsuccessfully attempted to serve Defendant Superior Engineering on four occasions: twice at Satish Mistry's residential address and twice at Superior Engineering's registered address. (Pl.'s Mot. Ex. F.) The course of Superior Engineering's conduct described in Plaintiff's motion demonstrates that service of process cannot reasonably be made as provided in the rules due to Superior Engineering's apparent evasion. Therefore, the court will grant the motion and allow alternate service by a combination of posting on the front door at Superior Engineering's registered address, publication in a local newspaper, and first class mail.

The court also finds that Plaintiff has made a showing of good cause to extend the summonses. After unsuccessfully securing waivers of service from the 10 unserved Defendants, Plaintiff retained a process server to identify the current addresses of the Defendants and execute service. The process server has now discovered the addresses of the Defendants whose waivers were undeliverable, and continues to attempt to serve the unserved Defendants. Plaintiff's need for an extension of the summonses is not a result of dilatory motive or inexcusable neglect, and, thus, the court will grant Plaintiff's request to extend the summonses for a period of 60 days. Accordingly,

IT IS ORDERED that Plaintiff's "Motion for Alternate Service and Extension of Summonses" [Dkt. # 101] is GRANTED IN PART and DENIED IN PART. IT IS GRANTED with respect to Plaintiff's request to extend the summonses. The summonses shall expire on **January 16, 2012**. IT IS FURTHER GRANTED with respect to Plaintiff's request to alternatively serve Defendant Superior Engineering Associates, Inc. Alternate service is ALLOWED as specified above. IT IS DENIED with respect to Plaintiff's request to alternatively serve Defendants Bobby W. Ferguson, Ferguson's Enterprises, Inc., Dubay's Landscaping Services, Inc., and Lawrence R. Dubay.

  s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: November 16, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 16, 2011, by electronic and/or ordinary mail.

                                              s/Lisa Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522