**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MACOMB INTERCEPTOR DRAIN DRAINAGE
DISTRICT,

       Plaintiff,

v.                                                                                    Case No. 11-13101

KWAME KILPATRICK, et al.,

       Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S "SECOND MOTION FOR
ALTERNATE SERVICE AND EXTENSION OF SUMMONSES"**

Before the court is Plaintiff's second motion for the extension of summonses and alternate service. Plaintiff filed this action on July 17, 2011, and summonses were issued for the 40 Defendants on July 19, 2011. On November 16, 2011, the court granted in part Plaintiff's first motion for alternate service, extending the summonses for 10 unserved Defendants 60 days and permitting Plaintiff to alternatively serve Defendant Superior Engineering Associates, Inc. (*See* 11/16/2011 Order, Dkt. # 108.) The court, however, denied Plaintiff's request to alternatively serve Defendants Bobby W. Ferguson and Ferguson's Enterprises, Inc. ("Ferguson's Enterprises"), finding Plaintiff failed to establish that service could not reasonably be made as provided under the rules and suggesting that Plaintiff attempt to serve these Defendants at the registered business address of Ferguson's Enterprises. (*Id.*) In its second motion, Plaintiff again seeks leave to alternatively serve Defendants Ferguson and Ferguson's Enterprises and, for the first time, requests leave to alternatively serve Defendant

Derrick Miller.  Plaintiff provides considerably more details related to its extensive efforts to serve Defendants Ferguson, Ferguson's Enterprises, and Miller, and, therefore, the court will grant the motion.

Federal Rule Civil Procedure 4 requires service within 120 days after a complaint is filed.  Under Rule 4(m),

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to the defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  It is the plaintiff's burden to establish good cause.  *See Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir 1996).  Further, service of a complaint filed in a federal court is proper by any method permitted for serving a complaint by the state in which the federal court is located.  Fed. R. Civ. P. 4(e)(1).  Under Michigan law, "the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard."  Mich. Ct. R. 2.105(I)(1).  Such alternative service may only be ordered upon "a showing that service of process cannot reasonably be made as provided" otherwise.  Mich. Ct. R. 2.105(I)(1).

Plaintiff's efforts to serve Defendant Miller over the past five and half months demonstrate that service of process cannot reasonably be effectuated in accordance with the procedures set forth in the Michigan Court Rules.  After failing to identify a current residential address for Defendant Miller, in July 2011, Plaintiff mailed a waiver of

2

summons and complaint to two business addresses associated with Miller's company, Citivest Capital Partners, LLC ("Citivest"). (Pl.'s Second Mot. for Alt. Serv. at ¶¶ 8-9, Dkt. # 139.) The United States Postal Service returned the waivers, informing Plaintiff that the "tenant is no longer at the address." (Pl.'s Second Mot. for Alt. Serv. Exs. A, B, Dkt. ## 139-1, 139-2.) Thereafter, Plaintiff discovered a newspaper article indicating that Defendant Miller resided in McLean, Virginia and identifying Mr. Byron Pitts as an attorney representing Miller in a criminal case in the Eastern District of Michigan. (Pl.'s Second Mot. for Alt. Serv. at ¶ 10.) Plaintiff asked Mr. Pitts to accept service on Defendant Miller's behalf. Pitts declined but informed Plaintiff that he would discuss the matter with Miller. (Pl.'s Second Mot. for Alt. Serv. at ¶¶ 12-13.) Evidently, Plaintiff never again heard from Mr. Pitts.

In October 2011, Plaintiff retained the services of a process server who identified Miller's purported residential address as 1900 Dalmation Drive, in McLean, Virginia. (Pl.'s Second Mot. for Alt. Serv. at ¶ 14.) Upon receiving the summons and pleadings from the process server, the Fairfax County Sheriff's Department in Virginia attempted to serve Defendant Miller at this address. Service was unsuccessful, but the Sheriff's Department informed Plaintiff that it had located a new address for Miller, 1504 Audmar Drive, in McLean, Virginia, and service would be attempted at that address.(Pl.'s Second Mot. for Alt. Serv. at ¶¶ 15-16.) The current resident of the second Virginia address, a woman identified as Lisa Miller, the "soon to be . . ex wife" of Defendant Miller, informed the Sheriff's Department that Miller no longer resided there. (Pl.'s Second Mot. for Alt. Serv. Ex. F, Dkt. # 139-7.) Having failed to effectuate service on Defendant Miller, Plaintiff now seeks permission to alternatively serve him.

Succinctly stated, Plaintiff has retained the services of a process server, attempted service at four different addresses in Michigan and Virginia purportedly associated with Defendant Miller, and has requested that an attorney representing Miller in a criminal case accept service on behalf of him, all to no avail. In effect, Plaintiff has engaged in a wild goose chase since July 2011, and now it appears it is unable to identify any further leads related to Defendant Miller's current address. Plaintiff has convincingly established that service cannot be reasonably made, and, thus, the court will grant its request to alternatively serve Defendant Miller. Alternate service shall be executed in the following manner: (1) posting the summons and an order for alternate service at the United States District Court for the Eastern District of Michigan in Detroit, Michigan, and the Wayne County Circuit Court in Detroit, Michigan; (2) mailing the summons, complaint, and order for alternate service to Mr. Byron Pitts, Defendant Miller's criminal attorney, at his address registered with the State Bar of Michigan; (3) mailing the summons, complaint, and order for alternate service to Ms. Lisa Miller, an attorney and Defendant Miller's current wife, at her address registered with the State Bar of Michigan and at the Audmar Drive address in McLean, Virginia; and (4) publication in a local newspaper for at least two weeks.

Plaintiff has also presented sufficient evidence to establish that service of Defendants Ferguson and Ferguson's Enterprises cannot reasonably be made pursuant to the the Michigan Court Rules. Following the court's initial denial of Plaintiff's request to alternatively serve these Defendants in November 2011, Plaintiff attempted to serve Defendants four more times, twice at the residence of Defendant Ferguson and—heeding the advice of the court—twice at the last known office address of

Defendant Ferguson's Enterprises. (Pl.'s Second Mot. for Alt. Serv. at ¶ 24.) During the final two service attempts at Defendant Ferguson's residence, Plaintiff's process server observed lights on in the home, but no one answered the door either time. (Pl.'s Second Mot. for Alt. Serv. Ex. H, Dkt. # 139-9.) Plaintiff's efforts to serve Defendants at the address of Ferguson's Enterprises were rebuffed by a secretary who refused to identify herself and informed the process server both times that Defendant Ferguson was not present. (*Id.*) Since July 2011, Plaintiff has made 11 attempts at serving Defendants and has contacted Ferguson's criminal defense attorney, Gerald Evelyn, requesting that he accept service on behalf of Defendants. ((Pl.'s Second Mot. for Alt. Serv. at ¶¶25-26, 29.) Despite these attempts, Plaintiff's efforts have proven futile. The court now concludes that the evidence proffered by Plaintiff supports a conclusion that Defendants Ferguson and Ferguson's Enterprises are likely evading service, and service cannot be effectuated in accordance with the Michigan Court Rules. Plaintiff may therefore alternatively serve Defendants in the following manner: (1) tacking the summonses, complaint, and order of alternate service on the front doors of Defendant Ferguson's residential address and the business address of Defendant Ferguson's Enterprises; (2) mailing the summonses, complaint, and order of alternate service to the residential address of Defendant Ferguson and the business address of Defendant Ferguson's Enterprises; and (3) publication in a local newspaper for at least two weeks.

  Finally, Plaintiff has made a showing of good cause to extend the summonses. The evidence before the court makes it abundantly clear that Plaintiff has made extensive and continuous attempts to serve Defendants Miller, Ferguson, and Ferguson's Enterprises. Indeed, Plaintiff has exhausted virtually every possible

resource and method of serving these Defendants, and its ultimate failure cannot fairly be attributed to any dilatory motive or neglect on the part of Plaintiff. Thus, the court will grant Plaintiff's request to extend the summonses for Defendants Miller, Ferguson, and Ferguson's Enterprises. Accordingly,

IT IS ORDERED that Plaintiff's "Second Motion for Alternate Service and for Extension of Summonses" [Dkt. # 139] is GRANTED. The summonses shall be extended 30 days and expire on **February 15, 2012**. Further, alternate service is allowed as specified above.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 10, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 10, 2012, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522