# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MACOMB INTERCEPTOR DRAIN DRAINAGE
DISTRICT,

      Plaintiff,

v.                                               Case No. 11-13101

KWAME KILPATRICK, et al.,

      Defendants.
_____/

## OPINION AND ORDER DENYING D'AGOSTINI DEFENDANTS'
## AND HAYWARD BAKER DEFENDANTS' MOTION FOR RECONSIDERATION

      Before the court is Defendants L. D'Agostini & Sons, Inc., Antonio D'Agostini, L. Robert D'Agostini, and James D'Agostini's (collectively the "D'Agostini Defendants") motion, joined by Defendants Hayward Baker, Inc. and Joseph Harris (collectively the "Hayward Baker Defendants"),[1] seeking reconsideration of the court's January 13, 2012 order setting a briefing schedule for non-party City of Detroit's motion to intervene and terminating without prejudice all pending motions to dismiss. Having reviewed the motion and briefs, the court does not require an oral hearing. E.D. Mich. LR 7.1(h)(2). For the reasons set forth below, the court will deny the motion.

      Eastern District of Michigan Local Rule 7.1 provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) "show that

---

[1] The Hayward Baker Defendants filed a "Notice of Joinder in Part to the D'Agostini Defendants' Motion . . ." and seek clarification of the court's intent to appoint a lead defense attorney. (Hayward Baker Defendants' Notice of Joinder, Jan. 27, 2012, Dkt. # 167.)

correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). This is a tall order: it is not enough to demonstrate a defect, but the defect must be *palpable*. "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)) Moreover, the D'Agostini Defendants must show that a correction of the defect would lead to a different disposition.

The D'Agostini Defendants argue that the termination without prejudice of their motion to dismiss imposes a hardship upon them because their status as named defendants in this case precludes them from bidding on public works projects. (D'Agostini Defs.' Mot. for Reconsideration 1, 6, Jan. 25, 2012, Dkt. # 162.) Accordingly, they ask the court to reinstate and expedite consideration of their motion. (*Id.* at 6.) The court is aware of Defendants' concerns and desire to expeditiously resolve this case, but their motion fails to reveal a palpable defect by which the court has been misled. District courts "have inherent power to control their dockets," *Anthony v. BTR Automotive Sealing Systems, Inc.*, 339 F.3d 506, 516-17 (6th Cir. 2003), and docket control decisions will not be disturbed "'except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant,'" *In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996) (quoting *In re Fine Paper Antitrust Litigation*, 685 F.2d 810, 817 (3d Cir.1982)). Because of the complexity and unusually large number of Defendants in this matter, the court must develop a course of action that provides for a reasonable, efficient, and most importantly fair resolution of the pending issues. Piecemeal adjudication of Defendants' individual

motions to dismiss—the D'Agostini Defendants' suggested course of action—is at this time not the most reasonable course, in the court's view, and may result in prejudice to the interests of other parties and nonparties in this case. Specially, were the court to adjudicate the D'Agostini Defendants' motion to dismiss before addressing nonparty City of Detroit's motion to intervene as of right, the City of Detroit would suffer the very harm Federal Rule of Civil Procedure 24 protects against, i.e., impairing a nonparty's ability to protect its purported interests in a case. Fed. R. Civ. Pro. 24(a)(2). Indeed, such impairment might very well constitute the "actual and substantial prejudice" *In re Air Crash Disaster* counsels against. Thus, the court concludes that the D'Agostini Defendants have failed to demonstrate the existence of a palpable defect in the court's termination of their motion to dismiss.

Furthermore, the D'Agostini Defendants' suggestion that the court's intention to appoint a lead defense attorney impinges upon their constitutional right to counsel is without merit. The court well understands that the numerous Defendants are not identically, or even similarly situated, and does not require Defendants to pursue a joint defense. The lead defense attorney the court presently has in mind would serve exclusively in an administrative capacity, essentially coordinating communication with the many Defendants and counsel in this case. The court will further discuss the scope and responsibilities of this position, and the alternative of a special master appointed by the court and paid by the parties, at the February 10, 2012 status conference. Accordingly,

IT IS ORDERED that the D'Agostini Defendants' "Motion for Reconsideration" [Dkt. # 162] is DENIED.

IT IS FURTHER ORDERED that the Hayward Baker Defendants' "Notice of Joinder/Concurrence . . ." [Dkt. # 167] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: February 7, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 7, 2012, by electronic and/or ordinary mail.

    S/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522