UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MACOMB INTERCEPTOR DRAIN DRAINAGE
DISTRICT,

    Plaintiff,

and

CITY OF DETROIT and DETROIT WATER AND
SEWERAGE DEPARTMENT,

    Plaintiff-Intervenors,

v.                                        Case No. 11-13101

KWAME KILPATRICK, et al.,

    Defendants.

_____/

**ORDER DENYING CONCURRING DEFENDANTS' "JOINT MOTION TO STRIKE"**

On June 5, 2012, after already filing a response in opposition to the Concurring Defendants'[1] February 26, 2012 amended joint motion for summary judgment, Plaintiff Macomb Interceptor Drain Drainage District ("Macomb Interceptor") filed a "Reply Brief in Opposition to Amended Joint Motion for Summary Judgment." The next day, the Concurring Defendants filed a motion to strike Plaintiff Macomb Interceptor's reply and sought the imposition of sanctions for Macomb Interceptor's purported failure to comply

---

[1] The Concurring Defendants include Anthony Soave, D'Agostini & Sons, Inc., Robert D'Agostini, James D. D'Agostini, Inland Waters Pollution Control, Inc., Robert L. Williams, Dennis Oszust, Walter Rozycki, Mersino Dewatering, Inc., Rodney A. Mersino, Marco Mersino, Brian Lenaghan, Patriot Pumps, Inc., Rohrscheib Sons Caissons, Inc., Steve Rohrscheib, O'Laughlin Construction Company, Mark E. O'Laughlin, Dubay's Landscaping Services, Lawrence R. Dubay, Victor M. Mercado, Hayward Baker, Futurenet Group, Inc., and Perry Mehta.

with the Eastern District of Michigan Local Rules.  Plaintiff Macomb Interceptor filed a response shortly after the Concurring Defendants' motion to strike was docketed, arguing that the court's May 7, 2012 order setting a briefing schedule on the joint motion for summary judgment did not limit the filing of reply briefs to the moving the Concurring Defendants and further suggesting that it would be unjust to prevent it from responding to Plaintiff-Intervenors City of Detroit and Detroit Water and Sewerage Department's response brief, which was filed after Plaintiff Macomb Interceptor's original response. Plaintiff Macomb Interceptor also sought an award of attorney's fees and costs for having to defend against the motion to strike.

The Concurring Defendants are generally correct that a non-moving party is limited to a single response brief and may not file a sur-reply without leave of the court under the Local Rules.  However, given the relatively unusual procedural circumstances of this case, including Plaintiff-Intervenors' contention that Plaintiff Macomb Interceptor lacks standing to bring the tort claims in the original complaint, the court believes it to be equitable that Macomb Interceptor have an opportunity to respond to the arguments raised in Plaintiff-Intervenors' response.  Additionally, the court's May 7, 2012 order setting forth a schedule for briefs did not *expressly* limit the filing of reply briefs to the moving Defendants, and Plaintiff Macomb Interceptor could have reasonably believed that it was entitled to respond to Plaintiff-Intervenor's brief.

If in the future substantial uncertainty arises equivalent to the uncertainty present in this situation about the propriety of filing some supplemental brief or pleading, the court advises counsel to first discuss the issue amongst themselves and attempt to reach a proposed agreement, or, if necessary, seek the advice of the court.  In this

instance though, the court will not strike Plaintiff Macomb Interceptor's reply, which is appropriately limited in length, nor will it grant the various sanctions requests.[2] Accordingly,

IT IS ORDERED that Concurring Defendants' "Joint Motion to Strike" [Dkt. # 224] is DENIED.

IT IS FURTHER ORDERED that Concurring Defendants' and Plaintiff Macomb Interceptor's requests for sanctions and attorney's fees and costs related to the prosecution and defense of the motion are DENIED.


       s/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated: June 12, 2012


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 12, 2012, by electronic and/or ordinary mail.

       s/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522

---

[2] Concurring Defendants' brief, which suggests Federal Rule of Civil Procedure 11 as the authority for levying sanctions, argues that Plaintiff Macomb Interceptor acted "egregiously," "in direct contravention of this court's order," and in a way that was "undoubtedly an intentional and knowing violation of this Court's orders and two Local Rules." (Concurring Defs.' Mot. Strike 2-3 Dkt. # 224.) Such arguments are more than a little breathless and overwrought. Moreover, the court is not at all certain that even a proven violation of a Local Rule that essentially governs briefing schedules is a suitable basis to impose Rule 11 sanctions.

S:\Cleland\JUDGE'S DESK\C1 ORDERS\11-13101.KILPATRICK.Deny.Mot.Strike.Sur.Reply.jrc.3.wpd