**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MACOMB INTERCEPTOR DRAIN
DRAINAGE DISTRICT,

    Plaintiff,

and

CITY OF DETROIT,

    Plaintiff-Intervenor,

v.                                                 Case No.  11-13101

KWAME KILPATRICK, et al.,

    Defendants.

_____/

**ORDER CONSTRUING AS A MOTION TO RECONSIDER,
AND DENYING, LETTER SEEKING RELIEF**

A February 11, 2013, order dismissed without prejudice the City of Detroit's complaint against L. D'Agostini & Sons, Inc. (LDS), and set a February 18 deadline for Detroit to submit an amended complaint.  Later, a telephone conference was set for February 28.  This action embraces an inordinate and unwieldy number of defendants, many of whom have been dismissed; accordingly, for the sake of ordered administration, attendance at the conference was limited strictly to parties with an obvious and immediate continuing interest in the litigation.  Because the deadline for Detroit to maintain a complaint against LDS expired before the conference, LDS was not allowed to attend.  At the conference, however, Detroit sought and received permission to submit an amended complaint after the deadline, which was, therefore,

vacated in an order on March 5. LDS submits a letter seeking to reinstate the deadline. Because it seeks to reverse the March 5 order, the letter will be construed as a motion to reconsider.

What matters more is the aim of Detroit's request, and not the deadline that it missed. Although a deadline to amend after a first dismissal of course directs a plaintiff to act promptly, its ultimate purpose is to help the court track and manage the action. The plaintiff is usually *entitled* to amend at least once, *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 573 (6th Cir. 2008), and Federal Rule of Civil Procedure 15(a) directs the district court to grant leave to amend freely. "In most cases," therefore, "delay alone is not a sufficient reason for denying leave." 6 C. Wright & A. Miller, *Federal Practice & Procedure Civ.* § 1488 (3d ed.). Treating as a hard limitation an initial deadline to amend for the first time would defy the common attitude toward amendment.

Rule 15 "was designed to facilitate amendment of pleadings except where prejudice to the opposing party would result." *United States v. Hougham*, 36 U.S. 310, 316 (1960). So the pertinent question is, did Detroit's being excused from the deadline prejudice LDS? "Because [we] . . . relied upon the . . . deadline," LDS says, the order vacating the deadline "came as a complete surprise." If anything, this statement confirms that LDS suffered no material prejudice. Presumably, LDS was pleased when the deadline was missed, and, naturally, it was upset when, two weeks later, the deadline was vacated; but, needing to cite a concrete hardship or disadvantage, it raises nothing besides discomfort. LDS is not trying to prevent prejudice against itself; it is trying to press a perceived advantage against its adversary.

It is true that an oral motion—let alone an *ex parte* oral motion—is disfavored. Fed. R. Civ. P. 7(b). But again, Detroit asked for what was very nearly its right. "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957), *abrogated on other grounds*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The governing standard is so lenient that several district courts have tolerated a party's amending a pleading late *without* asking permission. 6 C. Wright & A. Miller, *supra*, § 1484 n.18 (collecting authority). One need not be as tolerant as that to agree that an objection at the conference to Detroit's request would have been futile.

The informed reader will recall that earlier Macomb Interceptor, another party to this action, was denied leave to amend its pleading. The distinction between Macomb Interceptor's request to amend and Detroit's request to amend is instructive. After comprehensive briefing and a hearing and a lengthy order granting summary judgment against it, Macomb Interceptor asked to begin the litigation afresh with a new legal theory. After far more basic briefing, no hearing, and a terse order dismissing its complaint without prejudice, Detroit sought to preserve its right at the pleading stage to cure defects in its complaint. The difference is stark. Macomb Interceptor wanted, in effect, to repeat a large amount of litigation it had no right to repeat. Detroit wants the option to repeat a small amount of litigation it has every right to repeat.

A party seeking reconsideration must show that a ruling is plainly defective. E.D. Mich. LR 7.1(h)(3). LDS raises no defect, plain or obscure. Accordingly,

3

IT IS ORDERED that the letter [Dkt. # 293], construed as a motion to reconsider, is DENIED. LDS, of course, remains free to move to dismiss any amended complaint Detroit chooses to submit.

      s/Robert H. Cleland              
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 18, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 18, 2013, by electronic and/or ordinary mail.

      s/Lisa Wagner                  
Case Manager and Deputy Clerk
(313) 234-5522