**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MACOMB INTERCEPTOR DRAIN
DRAINAGE DISTRICT,

      Plaintiff,

and

CITY OF DETROIT,

      Plaintiff-Intervenor,

v.                                   Case No. 11-13101

KWAME KILPATRICK, et al.,

      Defendants.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

In July 2011, Macomb Interceptor Drain Drainage District ("Macomb") sued dozens of individuals, including Kwame Kilpatrick, a former mayor of Detroit, and corporations, including Inland Waters Pollution Control ("Inland"), a sewer-pipe repair company, for operating a municipal sewage repair project as a racket.  From September 2012 to March 2013, Kilpatrick stood trial for corruption; a jury found him guilty of most charges.  Macomb's action, meanwhile, was narrowed to one count, for breach of contract, against one defendant, Inland, which now moves to dismiss.

According to two newspaper articles cited by Inland, the sewage repair project was finished by June 2005.  Macomb sued six years and a month later; Inland says Michigan's six-year limitation for a breach of contract action therefore bars Macomb's

claim.  *See* Mich. Comp. Laws § 600.5807(8).  As Inland acknowledges, however, the complaint does not allege when the project ended or when the alleged breach of contract occurred.  Unless the plaintiff pleads itself out of court by alleging in the complaint facts proving that its claim is late, the defendant may not raise the period of limitation, an affirmative defense, in a motion to dismiss.  *In re McKenzie*, ___ F.3d ___, 2013 WL 2274006 (6th Cir. 2013) (citing *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009)).

Inland argues that the complaint provides no factual basis for Macomb's claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Macomb concedes the point, in effect, by basing its response almost entirely on testimony from Kilpatrick's recent trial.  Indeed, "Inland's motion to dismiss must be denied," says Macomb, "because the Kilpatrick criminal trial provided abundant factual support" for the complaint.  (Dkt. # 297, Pg ID 5600.)  Macomb has things twisted.  It must show not that a trial supports the complaint, but that the complaint supports the complaint.

Inland contends that because, earlier in the action, Macomb had a motion to amend the complaint denied, Macomb may not amend now.  The difference between then and now is plain.  Then, claims had been resolved by summary judgment; now, a claim is dismissed, for want of facts alleged, on the pleading.  If "a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend[.]"  *Winget v. J.P. Morgan Chase Bank, N.A.*, 537 F.3d 565, 573 (6th Cir. 2008). Accordingly,

IT IS ORDERED that the motion to dismiss [Dkt. # 294] is GRANTED. Macomb

may submit an amended complaint (alleging the one contract claim) by **July 15, 2013**.


                       s/Robert H. Cleland
                       ROBERT H. CLELAND
                       UNITED STATES DISTRICT JUDGE

Dated: July 3, 2013


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, July 3, 2013, by electronic and/or ordinary mail.

                       s/Lisa Wagner
                       Case Manager and Deputy Clerk
                       (313) 234-5522