# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MACOMB INTERCEPTOR DRAIN DRAINAGE
DISTRICT,

       Plaintiff,

                              Case No. 11-13101

and

CITY OF DETROIT,

       Plaintiff-Intervenor,

v.

KWAME KILPATRICK, et al.,

       Defendants.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On November 7, 2013, the court issued an opinion and order denying Inland

Waters Pollution Control Inc.'s ("Inland") motion to dismiss Plaintiff Macomb Interceptor

Drain Drainage District's ("Macomb") First Amended Complaint.  (*See* Pg. ID 7379–92.)

Inland now asks the court to reconsider its ruling that Macomb has reasonably alleged

fraudulent concealment by Inland sufficient to survive a motion to dismiss.  Inland also

requests that the court strike several paragraphs of Macomb's First Amended

Complaint.

The local rule provides:

the court will not grant motions for . . . reconsideration that merely present
the same issues ruled upon by the court, either expressly or by reasonable
implication.  The movant must not only demonstrate a palpable defect by
which the court and the parties and the other persons entitled to be heard on
the motion have been misled but also show that correcting the defect will

result in a different disposition of the case.

E.D. Mich. L.R. 7(h)(3).  "A 'palpable defect' is a defect which is obvious, clear,

unmistakable, manifest, or plain."  *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F.

Supp. 2d 714, 718 (E.D. Mich. 2001) (Lawson, J.).

Inland requests that the court strike all references to sections 15.01 and 20.10 of

the contract from Macomb's First Amended Complaint and issue a modified order

stating that Inland's motion to dismiss was granted in part and denied in part.  This is

not necessary.  Macomb's First Amended Complaint is structured as a single count of

breach of contract that in turn alleges multiple theories of recovery.  Analyzing the First

Amended Complaint, the court held that Macomb plausibly alleged violations of some

contractual provisions, but not others (specifically, sections 15.01 and 20.10).  But

because the First Amended Complaint contains only one count, the court denied

Inland's motion to dismiss that count, and in its reasoning, rejected Macomb's other

theories of contract liability.  There is no need to strike every reference to these theories

from the complaint—the order is clear that Macomb did not meet its burden in

advancing these theories and accordingly, arguments that Inland breached these

sections of the contract will not be well-taken.

Inland also argues that the court should reconsider its ruling that Macomb

reasonably alleged fraudulent concealment of its cause of action sufficient to extend the

statute of limitations by two years.  The court reminds Inland that it did *not* decide

whether Inland fraudulently concealed the existence of this action so as to extend the

statute of limitations and allow recovery for acts that took place prior to July 18, 2005.

Rather, the court reserved this issue for another day after discovery has clarified

2

whether evidence supports Macomb's allegations.  The issue before the court was whether Macomb alleged fraudulent concealment with reasonable specificity sufficient to survive a motion to dismiss.  The court concluded that it had, and Inland's motion to reconsider this ruling is denied.

Lastly, Inland asks the court to clarify whether "contract rights that apply to services or goods unrelated to the Macomb System remained with Detroit" but states that "[a]t this time, Inland is not seeking an affirmative ruling that [Macomb's] contract[] rights are so limited."  (Pg. ID 7471.)  It is unclear to the court what relief Inland is asking for, but in any event, the issue is not properly before the court in the present motion as it was not raised by Inland in its motion to dismiss.  Accordingly,

IT IS ORDERED that Plaintiff's Motion for Reconsideration [Dkt. # 319] is DENIED.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  December 23, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 23, 2013, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522