UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MACOMB INTERCEPTOR DRAIN
DRAINAGE DISTRICT,

    Plaintiff,                        CIVIL ACTION NO. 11-CV-13101

vs.                                  DISTRICT JUDGE ARTHUR J. TARNOW

                                      MAGISTRATE JUDGE MONA K. MAJZOUB

INLAND WATERS POLLUTION
CONTROL, INC.,

    Defendant,

    - and -

CITY OF DETROIT and its DETROIT
WATER AND SEWERAGE
DEPARTMENT,

    Intervening Plaintiff,

vs.

KWAME KILPATRICK, et al;

    Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF GRAND JURY MATTER PURSUANT TO FED.R.CRIM.P.
6(e)(3)(E)(i) [359] AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION TO COMPEL RESPONSES TO PLAINTIFF'S SECOND
INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS [363]**

Before the Court are Plaintiff's Motion to Compel Production of Grand Jury Matter

Pursuant to Fed.R.Crim.P. 6(e)(3)(E)(i) (docket no. 359), and Plaintiff's Motion to Compel

Responses to Plaintiff's Second Interrogatories and Requests for Production of Documents

1

Directed at Defendant, Inland Waters Pollution Control, Inc. (docket no. 363). The United States filed a Response in opposition to Plaintiff's Motion for Production of Grand Jury Matter (docket no. 362), and Plaintiff and the United States filed a Joint Statement related to Plaintiff's Motion (docket no. 370). Defendant filed a Response in opposition to Plaintiff's Motion to Compel discovery responses (docket no. 368), Plaintiff filed a Reply (docket no. 369), and the Parties filed a Joint Statement (docket no. 372). The Motions were referred to the undersigned for consideration. (Docket no. 365.) The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The Motions are now ready for ruling.

**I.     Background**

This matter arises out of the well-known corruption scandal that permeated the City of Detroit (the City) during the tenure of former Mayor Kwame Kilpatrick, resulting in the conviction of Kilpatrick and several associates. *See, generally*, *United States v. Kilpatrick, et al.*, No. 10-cr-20403 (E.D. Mich., 2010). Specifically at issue in this case are the alleged "overcharges and other irregularities" associated with the repair of a sewer line and sinkhole underneath 15 Mile Road in the City of Sterling Heights from August of 2004 through June of 2005 (the 15 Mile Road Project). (*See* docket no. 359.) Plaintiff Macomb Interceptor Drain Drainage District (MIDDD) brings this claim against Defendant Inland Waters Pollution Control, Inc. (Inland), in MIDDD's capacity as an assignee of the City of Detroit Water & Sewer Department (DWSD).[1]

By way of a very brief background, in August of 2004, a major arm of the underground sewer below 15 Mile Road in Macomb County collapsed, causing massive sinkhole to form underneath the road. Kilpatrick and then-Director of the DWSD Victor Mercado amended an

---

[1] Notably, the Parties dispute the breadth of the assignment from DWSD to MIDDD; the Court will not issue any findings with regard to the assignment herein.

existing contract with Inland so that Inland and its former principal, Anthony Soave, could lead the 15 Mile Road Project. Inland then subcontracted with Bobby Ferguson to perform the repair work. (*See generally*, docket nos. 359 and 368.) Plaintiff alleges that these individuals and "others" conspired—through Inland—to defraud the City of approximately $26,000,000.00 through cost inflation "to make room for kickbacks, illegal/unethical payments, overpayments for work that was either grossly exaggerated or simply not done, and 'hush money.'" (Docket no. 359 at 4-7.) Through its assignment from the City and the DWSD, Plaintiff seeks recovery of those funds.

In December 2013, as this matter progressed, Plaintiff served Defendant with its First Interrogatories and Requests for Production of Documents. Defendant responded with objections, which led to Plaintiff's December 12, 2013 Motion to Compel. (Docket no. 329.) The Parties stipulated to a resolution of Plaintiff's Motion, and Defendant ultimately produced approximately 107,000 pages of documents, all of which were imaged for key-word-search functionality. (*See* docket no. 363 at 2; docket no. 368 at 6.) On February 27, 2015, Plaintiff served Defendant with its Second Interrogatories and Requests for Production of Documents, which are at issue in Plaintiff's current Motion. Plaintiff argues that Defendant's responses to Interrogatory Nos. 1, 2, 3, 6, 8, and 9 and Requests for Production Nos. 1 through 12 are insufficient. (Docket no. 363 at 2-4.)

Additionally, on March 19, 2015, Plaintiff requested that the U.S. Attorney's Office or the Federal Bureau of Investigation produce copies of the following:

> Copies of all relevant Grand Jury testimony and/or documents associated with the testimony of Kathleen McCann, Anthony Soave, and any other employees or agents of Inland Waters Pollution Control, Inc. relative to the project commonly known as the 15 Mile Road Sinkhole Repair.

3

(*See* docket no. 359 at 2.) The government refused, leading to Plaintiff's instant Motion. (Docket no. 359.)

**II.     Analysis**

    **A.     Plaintiff's Motion to Compel Grand Jury Matters [359]**

A prevailing concept our grand-jury system is that matters brought before the grand jury will be kept secret to protect the interests of the government, the public, and individual citizens:

> First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

*Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 219 (1979). Indeed, the concept of grand-jury secrecy is so vital to our justice system that "courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries." *Id.* at 222. That is, even if a grand jury has concluded its investigation, courts must consider that disclosure of grand-jury matters may impair future grand-jury investigations.

> Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties. Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties. Concern as to the future consequences of frank and full testimony is heightened where the witness is an employee of a company under investigation. Thus, the interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities.

*Id.*

4

This enduring standard of secrecy has been codified in the Federal Rules. *See, generally*, Fed.R.Crim.P. 6. A court may, however, "authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter . . . preliminarily to or in connection with a judicial proceeding." Fed.R.Crim.P. 6(e)(3)(E)(i). But any party seeking such disclosure must demonstrate a compelling need for disclosure that overcomes the general presumption in favor of secrecy. *In re Grand Jury 89–4–72*, 932 F.2d 481, 483 (6th Cir.1991). Specifically,

> parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.

*Douglas Oil Co.*, 441 U.S. at 222. Notably, though,

> [t]he fact that the grand jury documents are relevant or that production . . . would expedite civil discovery or reduce expenses for the parties is insufficient to show particularized need when the evidence can be obtained through ordinary discovery, *i.e.,* subpoenaing the documents from other sources, or pursuing other routine avenues of investigation.

*Fed. Deposit Ins. Corp. v. Ernst & Whitney*, 921 F.2d 83, 86-87 (6th Cir. 1990) (citing *Cullen v. Margiotta,* 811 F.2d 698, 715 (2d Cir. 1987); *United States v. Sells Engineering,* 463 U.S. 418, 431 (1983)).

Through its request and Motion, Plaintiff seeks to compel production of any testimony or documents associated with "Kathleen McCann, Anthony Soave, and any other employees or agents of Inland" related to the 15 Mile Road Project. Plaintiff argues that it can show a particularized need for disclosure of this information because it has already sought to obtain documents from Kathleen McCann by subpoena, but "received literally seven pages of documents" in response. (Docket no. 359 at 9.) Plaintiff notes that Ms. McCann alleges that she

5

is no longer employed by Inland and that she has been unable to locate any other documents. Likewise, Anthony Soave is no longer employed by (and he no longer claims an ownership interest in) Inland. Plaintiff argues that the grand-jury testimony in the Kilpatrick matter "would have necessarily included the production of documents, most importantly copies of correspondence authored by [McCann and Soave] or sent to them, electronically or otherwise." (*Id.* at 10) Moreover, Plaintiff asserts, "[t]here can be no doubt that there is a wealth of information beyond the scope of their trial testimony." Plaintiff further argues that the concern for secrecy is "not an issue" in this matter because the criminal defendants "were all convicted several years ago and the stories of the corruption rampant throughout the Kilpatrick administration have been the subject of exposees (sic), newspaper and magazine articles, and investigative reports." (*Id.* at 11.) Plaintiff contends that its request is sufficiently narrowly tailored to meet the *Douglas Oil* standard and that the Court should order disclosure of the information to redress the injustice caused by the corruption related to the 15 Mile Road Project. (*Id.* at 11-12.)

The Government responds by arguing, primarily, that Plaintiff has failed to show a particularized need for disclosure of the grand-jury matters. (Docket no. 362 at 8.) The Court agrees. As the Government asserts, even if the Court accepts Plaintiff's contention that the grand jury collected more information from McCann, Soave, and Inland during its investigation than what was discussed when McCann and Soave testified, Plaintiff has not attempted to procure this information through traditional discovery measures. Plaintiff did attempt to subpoena documents from McCann and Soave (*see* docket no. 370 at 3), but Plaintiff's request to obtain this material directly from Defendant is outstanding (and is addressed herein). Moreover, Plaintiff has not taken the depositions of McCann, Soave, or any inland employees. (*Id.*) Plaintiff argues that it

6

needs to review the grand-jury information before conducting these depositions, but Plaintiff has provided no rationale for an inability to conduct traditional discovery in this matter other than an implication that disclosure of the grand-jury matters would make its job easier. Moreover, regardless of when the criminal defendants were convicted or what the public knows about this matter, the Court must consider the effect of disclosure on future grand juries when balancing the need for secrecy against the need for disclosure. Here, the Court finds that Plaintiff has not met its burden under *Douglas Oil*. Nevertheless, the Court acknowledges that Plaintiff may conclude traditional discovery in this matter and find that disclosure of the grand-jury matters at issue is still necessary. Therefore, the Court will deny Plaintiff's Motion without prejudice.

### B. Plaintiff's Motion to Compel Discovery [363]

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed.R.Civ.P. 33, 34. A party receiving such a request has

7

thirty days to respond with answers or objections. Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A). If the party receiving discovery requests under the Rules fails to respond properly, Rule 37 provides the party who sent the discovery with the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B). If a court grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed.R.Civ.P. 37(A)(5)(a).

Through its Motion, Plaintiff argues that Defendant's responses to its Interrogatory Nos. 1, 2, 3, and $6^2$ were insufficient and that Defendant "failed to produce a single document" in response to its Requests for Production Nos. 1 through 12. (Docket no. 363 at 3-4.) The parties have resolved their dispute with regard to Interrogatory No. 6 and Request for Production No. 6 and with regard to a portion of Interrogatory No. 2 and Requests for Production No. 2.$^3$ (Docket no. 372 at 2-3.) Defendant contends that it did answer some of Plaintiff's interrogatories, that its objections are valid, and that it produced over 107,000 pages of documents in response to earlier discovery requests, which include documents responsive to Plaintiff's instant Requests to Produce. (Docket no. 368 at 5-6.) Additionally, Defendant argues that Plaintiff has exceeded the 25-interrogatory maximum under Fed. R. Civ. P. 33(a)(1). The Court will first address the number of interrogatories at issue and the relevancy of Defendant's prior document production.

---

[2] Plaintiff's Motion asserts that Defendant's responses with regard to Interrogatory Nos. 1, 2, 3, 6, 8, and 9 were deficient, but Plaintiff's discovery request itself only included 7 interrogatories; that is, Plaintiff's Second Set of Interrogatories did not include an Interrogatory No. 8 or No. 9. (*See* docket no. 363-2 at 7-10.)

[3] The parties note that they have also reached a compromise with regard to a portion of Interrogatory No. 7 and Request to Product No. 7, but Plaintiff did not include these discovery requests in its initial Motion.

8

The Court will then address each Interrogatory and its corresponding Request for Production in turn.

### 1. Application of Fed. R. Civ. P. 33(a)(1)

Federal Rule of Civil Procedure 33 permits a party to serve no more than 25 written interrogatories, including all discrete subparts, without leave of court. Fed.R.Civ.P. 33(a)(1). "Discrete subparts" of an interrogatory are questions that ask for discrete pieces of information. *Nolan, LLC v. TDC Int'l Corp.*, No. 06-14907, 2007 WL 3408584, at *3 (E.D. Mich. Nov. 15, 2007) (citing *Prochaska & Assocs. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 155 F.R.D. 189, 191 (D.Neb.1993)). But a subpart that is related to the primary question or directed at eliciting details concerning the common theme of the interrogatory should be counted as one interrogatory rather than as a discrete and separate interrogatory. *Harhara v. Norville*, No. 07–12650, 2007 WL 2897845, at * 1 (E.D. Mich. Sept. 25, 2007).

Plaintiff's First Interrogatories to Defendant included 18 interrogatories, not including subparts.[4] (Docket no. 368-5 at 5-20.) Plaintiff's Second Set of Interrogatories, at issue herein, includes 7 interrogatories, the first three of which contain subparts. (Docket no. 363-3 at 7-10.) Each of the subparts in the four interrogatories in questions is either related to the primary question or elicits details regarding the common theme of the interrogatory. Thus, the Court finds that Plaintiff has only served Defendant with 25 interrogatories.

### 2. Defendant's Prior Document Production

Much of the Parties' arguments are centered on Defendant's prior production of 107,000 pages of documents in response to Plaintiff's Frist Requests for Production. In Plaintiff's Second

---

[4] Interrogatory No. 3 was the only interrogatory containing subparts in Plaintiff's First set of Interrogatories. (Docket no. 368-5 at 7.)

9

Requests for Production, Plaintiff's Request Nos. 1 through 7 each ask for documents related to Defendant's Responses to Interrogatory Nos. 1 through 7. (*See* docket no. 363-3 at 10-11.) Defendant responded to these requests by referring to its objections related to the associated interrogatory and by noting with regard to Request Nos. 2, 3, 4, and 7 that it "has previously produced any relevant, responsive and non-privileged documents in its possession as part of its document production relating to MIDDD's First Interrogatories and First Document Requests." (Docket no. 368-4 at 9-10.)

Defendant argues, in general, that its prior production—including "over 40 CDs and DVDs containing electronic documents and 43 boxes of hardcopy original documents" totaling 107,000 pages of electronic and hardcopy documents is sufficient. (Docket no. 368 at 20.) Moreover, Defendant contends, Plaintiff can "create and conduct pinpoint searches" of these documents because the documents have been digitized by a third-party vendor. (*Id.*) But Defendant's contention in this regard is inapposite. Neither the amount of documents previously produced nor the form in which they were produced is relevant with regard to whether Defendant's answers are responsive. If Defendant does not have additional documents to produce in response to Plaintiff's requests, it must say so; and to the extent that Defendant relies on Fed. R. Civ. P. 33(d), it must respond with "sufficient detail to enable the interrogating party locate and identify [the documents] as readily as the responding party could." Fed. R. Civ. P. 33(d)(1). Stating that the records are searchable is insufficient. Therefore, to the extent that the Court orders production herein, or to the extent that the parties have reached an agreement with regard to certain requests, the Court will order Defendant to identify by Bates number the documents it has produced that are responsive to each of Plaintiff's respective Requests for Production. If Defendant cannot locate any responsive

10

documents that have not already been produced, it must provide a sworn declaration that after making reasonable effort it cannot locate additional documents responsive to the request.

### 3. Interrogatory Nos. 1 and 2, and Requests for Production Nos. 1 and 2

Plaintiff's Interrogatory No. 1 seeks information regarding "whether there has been a sale/transfer of asserts or sale/transfer of more than twenty percent (20%) of the ownership interest of Inland" in the last 10 years. (Docket no. 363-3 at 5-6.) Plaintiff's Request to Production No. 1 seeks any documents related to any such transaction. (*Id.* at 9.) Defendant responded by objecting to the Interrogatory as overbroad, irrelevant, and "not related in any way to MIDDD's assigned claim relating solely to services or work performed on the Macomb System." (*Id.* at 6.) Defendant expounds (somewhat) on this objection in its Response to Plaintiff's Motion by arguing that Plaintiff "fails to present any reason . . . why Inland should be forced to divulge highly sensitive and confidential information about its assets and ownership transactions." (Docket no. 368 at 17.)

Plaintiff's Interrogatory No. 2 asks that Defendant "[i]dentify all officers, directors, shareholders and employees of Defendant" and that it provide detailed information with regard to the individuals' employment histories, including their involvement with the 15 Mile Road Project. (Docket no. 363-3 at 6.) Plaintiff's Request to Production No. 2 seeks any documents related to Defendant's answer. (*Id.* at 9-10.) Defendant responded by arguing that the information is irrelevant, but Defendant also stated that it had "previously identified those Inland representatives that were involved in the Interceptor/Sinkhole emergency repair project" in its responses to Plaintiff's First Set of Interrogatories, Nos. 2, 8, and 9. (*Id.*) Defendant also contends that it "certainly is not required to provide lengthy employee lists and information for those employees

11

not involved with the Project." (Docket no. 368 at 18.) Plaintiff responds tangentially with regard to both interrogatories by arguing that "information related to the corporate hierarchy is necessary to determine key roles [certain] individuals and holding companies played in the management of Inland, the solicitation of bids, negotiation with contracts . . . as well as the assumption of liability upon sale of interest. (Docket no. 369 at 5.)

Plaintiff's First Set of Interrogatories Nos. 2, 8, and 9 asked Defendant to provide (respectively): (1) a list of individuals who may be called as witnesses in this matter; (2) a list of individuals who received, reviewed, processed, or approved invoices related to the 15 Mile Road Project; and (3) a list of employees who were involved with the 15 Mile Road Project. (*See* docket no. 368-5 at 6, 11-12.) In response, Defendant identified two individuals who would testify and two additional individuals who reviewed invoices. (*See id.*) Plaintiff argues that this response is "obviously incomplete." (Docket no. 363 at 3.)

Plaintiff's Motion relates to its Second Set of Interrogatories, but his argument relates to Defendant's answers to its First Set of Interrogatories. Thus, it is unclear exactly which interrogatories Plaintiff is asking the Court to order Defendant to answer. To the extent Plaintiff seeks answers to its First Set of Interrogatories, such a Motion is not before the Court. And to the extent Plaintiff's Interrogatory Nos. 1 and 2 in its Second Set of Interrogatories is duplicative, Defendant's objection is proper.

Nevertheless, Plaintiff's Interrogatory Nos. 1 and 2 do seek some information not previously requested. That is, Plaintiff seeks information related to Defendant's ownership and asset transactions (Interrogatory No. 1.), and information related to Defendant's officers, directors, shareholders, and employees not involved in the 15 Mile Road Project (Interrogatory No. 2).

With regard to Interrogatory No. 1, the Court finds that Plaintiff's request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has provided no justification for its use of this information other than a loose implication that some unknown holding company may have been involved in the bidding or negotiation process on the 15 Mile Road Project. This implication is insufficient to justify what would amount to a fishing expedition related to Defendant's ownership. Therefore, the Court will deny Plaintiff's Motion with regard to Interrogatory No. 1 and Request for Production No. 1.

With regard to Interrogatory No. 2, Plaintiff's requests is, again, overbroad. While the Court acknowledges that an understanding of Defendant's corporate hierarchy and the individuals' association with the 15 Mile Road Project may be helpful to Plaintiff, Plaintiff has not specified the timeframe for its request. As written, Plaintiff's Interrogatory No. 2 seeks a list of the current officers, directors, and shareholders at Inland. But Defendant's current corporate hierarchy is not relevant to Plaintiff's claims. And to the extent Plaintiff seeks historical information, such a request is not before the Court. Moreover, Plaintiff's request for a list of all of Defendant's employees is overbroad and, to the extent Defendant has already provided a list of employees involved with the 15 Mile Road Project, duplicative. Therefore, the Court will deny Plaintiff's Motion with regard to Interrogatory No. 2. and Request for Production No. 2.

### 4. Interrogatory No. 3 and Request for Production No. 3

Plaintiff's Interrogatory No. 3 seeks information regarding "all business relationships between [Defendant] and Ferguson Enterprises, Inc.; Bobby Ferguson; and/or any entity in which Bobby Ferguson is an owner, officer, or employee, from 2000 to the present." (Docket no. 363-3 at 7.) Plaintiff's Request to Production No. 3 seeks any documents related to these relationships.

13

(*Id.* at 10.) Defendant responded by objecting to the interrogatory as overbroad and irrelevant, but Defendant did provide information with regard to its relationship with Ferguson Enterprises, Inc. (FEI). Defendant then referred Plaintiff to its business records for further information pursuant to Fed. R. Civ. P. 33(d). (*Id.* at 7.) Plaintiff argues that Defendant improperly limited the scope of its answer to its relationship with FEI. (Docket no. 363 at 3.) Defendant contends that any information outside of its relationship with FEI is irrelevant. (*Id.* at 19.)

Again, as written, Plaintiff's request is overbroad to the extent that it seeks a description of *all* business relationships between Bobby Ferguson and Defendant. Thus, the Court will limit Defendant's response to a description of any relationships between Bobby Ferguson and Defendant *related to the 15 Mile Road Project*. Even in this limited context, though, Defendant's response is incomplete as it does not disclose whether Defendant and Bobby Ferguson had any business relationships related to the 15 Mile Road Project outside of FEI. Therefore, the Court will order Defendant to amend its answer to provide such information; the Court will also order Defendant to produce documents in response to Plaintiff's Request for Production No. 3. And, as discussed herein, to the extent Defendant relies on Fed. R. Civ. P. 33(d), Defendant must amend its responses to include bates number.

### 5. Requests for Production Nos. 4, 5, and 7

In each of these Requests for Production, Plaintiff seeks information related to Defendant's responses to Plaintiff's related interrogatory. Plaintiff, however, has not challenged Defendant's objections to the interrogatories and has not provided any argument with regard to Defendant's lack of production except for a general contention that Defendant failed to provide any responsive documents. *See* docket no. 363. Thus, the Court will deny Plaintiff's Motion with regard to

14

these requests. Nevertheless, to the extent that Defendant referred to its earlier production in response to these requests, Defendant must amend its answer to include Bates numbers as discussed herein.

### 6. Requests for Production Nos. 8, 9, and 10

Plaintiff's Requests for Production Nos. 8, 9, and 10 seek information related to Defendant's communication with Soave Enterprises from 2004 to 2009, information related to Defendant's employees that have authority to use company expense accounts, and communications by and between any of Defendant's employees that were interviewed in connection with the Kilpatrick criminal matter. Defendant objects, generally, that the requests are irrelevant and overbroad. (*See* docket no. 363-3 at 11.) The Court finds these objections unpersuasive. Therefore, the Court will order Defendant to produce any documents responsive to Plaintiff's requests.

### 7. Request for Production No. 11

Plaintiff's Request for Production No. 11 seeks production of "[a]ny and all documents, records, or tangible things produced to any investigatory government entity regarding [the Kilpatrick criminal matter]." Defendant objects and this request is overbroad and irrelevant but adds that the request "seeks matters privileged involving the criminal Grand Jury system." (*Id.* at 12.) While the Court acknowledges Defendant's concern, nothing in Fed. R. Crim. P. 6 exempts documents from civil discovery simply because those same documents may have been produced to a grand jury related to a criminal matter. Indeed, to the extent that Defendant's employees appeared as witnesses before the grand jury and may have testified with regard to these documents, Rule 6 explicitly excludes witnesses from being bound by the secrecy requirements. *See* Fed. R.

15

Crim. P. 6(e)(2)(A)-(B). Therefore, the Court will grant Plaintiff's request with regard to Request for Production No. 11.

### 8. Request for Production No. 12

Plaintiff's Request for Production No. 12 seeks "[a]ny and all communications by representatives of [Defendant] to the email account 'sinkhole15@aol.com.'" (Docket no. 363-3 at 12.) Defendant responded that its "investigation into the information sought . . . is ongoing and [Defendant] will amend its answer in due course and produce any relevant, responsive and non-privileged documents in its possession which have not been produced previously." (*Id.*) The Parties have not specifically addressed this document request in their briefing, but to the extent Defendant has any responsive documents that it has not produced, the Court will grant Plaintiff's Motion. If Defendant has previously produced responsive documents, it must reference those documents by bates number. And if Defendant determines that any responsive documents are privileged, it must disclose the same in a privilege log.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Production of Grand Jury Matter Pursuant to Fed.R.Crim.P. 6(e)(3)(E)(i) [359] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Responses to Plaintiff's Second Interrogatories and Requests for Production of Documents Directed at Defendant, Inland Waters Pollution Control, Inc. [363] is **GRANTED IN PART AND DENIED IN PART**:

    a.    Plaintiff's Motion to Compel with regard to Interrogatory Nos. 1 and 2, and Requests for Production Nos. 1 and 2 is DENIED;

    b.    Plaintiff's Motion to Compel with regard to Interrogatory No. 3 and Request for Production No. 3 is GRANTED IN PART and DENIED IN PART. Defendant

        must amend its answer to this interrogatory and its related documents production to include information regarding all business relationships related to the 15 Mile Road Project between Defendant and Ferguson Enterprises, Inc.; Bobby Ferguson; and/or any entity in which Bobby Ferguson is an owner, officer, or employee, from 2000 to the present;

    c.    Plaintiff's Motion to Compel with regard to Requests for Production Nos. 4, 5, and 7 is GRANTED IN PART and DENIED IN PART. Plaintiff's Motion to Compel additional document production is denied, but to the extent that Defendant's answers referred to prior production, Defendant must amend its answers to include Bates numbers as discussed herein;

    d.    Plaintiff's Motion to Compel with regard to Requests for Production Nos. 8-11 is GRANTED; and

    e.    Plaintiff's Motion to Compel with regard to Request for Production No. 12 is GRANTED. Defendant must produce any responsive documents that it has not yet produced. And if Defendant determines that any responsive documents are privileged, it must disclose the same in a privilege log.

**IT IS FURTHER ORDERED** that to the extent Defendant provides responses (or if Defendant has previously provided responses) to Plaintiff's discovery requests, Defendant must identify by bates number the documents it has produced that are responsive to each of Plaintiff's respective Requests for Production. If Defendant cannot locate any responsive documents that have not already been produced, it must provide a sworn declaration that after making reasonable effort it cannot locate additional documents responsive to the request.

17

**IT IS FURTHER ORDERED** that Defendant must provide discovery responses in accordance with this Opinion and Order within 30 days.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: November 3, 2015        s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served on counsel of record on this date.

Dated: November 3, 2015        s/ Lisa C. Bartlett
                               Case Manager